[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15358
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cr-00221-SCB-TGW-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN SAMORA GARCES,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 2, 2013)

Before BARKETT,  MARCUS and FAY, Circuit Judges.

PER CURIAM:

Juan Samora Garces appeals his 135-month sentences after pleading guilty to the following offenses that took place while he was aboard a vessel that was subject to the jurisdiction of the United States: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) possession with intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii).

On appeal, Garces argues that his sentences are unreasonable in light of 18 U.S.C. § 3553(a)(6), which requires a district court to avoid unwarranted sentence disparities between similarly situated codefendants.  Garces contends that his codefendant, Elpidio Fernandez Blanco, received a below-guidelines sentence of 120 months and the only factor distinguishing himself from Blanco is that Blanco entered into an agreement with the government and waived his right to appeal, whereas Garces rejected the government's offer and entered an open plea of guilty to the court.  Garces claims that the district court punished him for rejecting the government's offer, thus creating the appearance of judicial vindictiveness.

We review a final sentence imposed by the district court for an abuse of discretion.  *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (*en banc*).  Evaluating substantive reasonableness requires this Court to weigh the

2

totality of the circumstances to determine whether the sentence lies outside the range of reasonable sentences dictated by the facts of the case. *Id.* at 1189-90.

Pursuant to § 3553(a)(6), the district court is required to avoid unwarranted sentence disparities between codefendants with similar records who have been found guilty of similar conduct. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). "A well-founded claim of disparity, however, assumes that apples are being compared to apples." *Id.* (quoting *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir. 2005)). A defendant who cooperates with the government and enters a written plea agreement is not similarly situated to a defendant who provides no assistance to the government and proceeds to trial. *Docampo*, 573 F.3d at 1101. "[I]t would seem patently unreasonable to endorse a regime in which a defendant could steadfastly withhold cooperation from the authorities and then cry foul when a coconspirator benefits from rendering substantial assistance to the government." *Id.* (quoting *Mateo-Espejo*, 426 F.3d at 514).

We find that Garces's 135-month sentences are substantively reasonable. Garces does not demonstrate that he is similarly situated to Blanco, who cooperated with the government, and had personal characteristics and economic circumstances that warranted the unopposed variance. Garces has not demonstrated the district court abused its discretion.

**AFFIRMED.**